IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHRIS SCHAFFHAUSER**                                                                                   **PLAINTIFF**

**v.**                                            **Case No: 4:12-cv-599 KGB**

**UNITED PARCEL SERVICE, INC**                                                          **DEFENDANT**

**AGREED PROTECTIVE ORDER**

Before the Court is the parties joint request for entry of this Agreed Protective Order (the "Protective Order") (Dkt. No. 10). After full and due consideration of the pleadings and discovery herein, the agreement of the parties, and other matters of proof and law, this Court hereby finds and ORDERS as follows:

1.  The Protective Order is entered to protect the parties and non-parties that have or will produce information and documents in connection with this matter, against the unauthorized disclosure of confidential information, including but not limited to confidential business and personal information of the parties and non-parties.

2.  As used herein, the term "documents" means any letter, report, memorandum, financial statement, study, form, record, written analysis, draft, "writings" and "recordings" as defined in Rule 1001 of the Federal Rules of Evidence, and any other tangible object created or inscribed for purposes of reporting or communicating information, including but not limited to answers to interrogatories, answers to requests for admission, documents produced pursuant to requests for admissions, documents produced pursuant to subpoenas, and deposition, herein, or trial transcripts and exhibits thereto.

3.  As used herein, the term "Confidential Materials" means the following:

    a.    All information and documents produced containing one or more complete or partial social security number, tax identification number, passport number, driver's license number, or other similar identification number;

    b.    All information and documents produced containing financial account information, including but not limited to, checking accounts, savings accounts, money market accounts, loan accounts, mutual fund accounts, and securities accounts;

    c.    All information and documents produced containing income and other financial information, including but not limited to, income statements, profit and loss statements, balance sheets, cash flow statements, federal and state income tax returns, Form W-2, Form W-4, Form 1099, paychecks, and pay stubs;

    d.    All information and documents produced containing discussions of managers and/or supervisors and any committee thereof, of UPS, including any correspondence related to such discussions;

    e.    All information and documents produced containing technical and non-technical business trade secrets and other proprietary confidential business information involving but not limited to UPS's products, services, present and future development, processes or techniques, marketing strategies and record data, employee lists, customer lists, vendor lists, vendor selection and information, sales, profits, costs, suppliers, policy manuals, procedural manuals, employee handbooks, employee personnel records, employee contact information, employment applications, employment verification

        applications, employee agreements, employee separation agreements and related documents, employee job descriptions and duties, and employee training descriptions;

    f.    All information and documents produced that are required by law or agreement to be kept confidential;

    g.    All information and documents that are mutually agreed to be subject to this Protective Order;

    h.    All information and documents ordered by this Court to be subject to this Protective Order;

    i.    All information and documents containing any other confidential information produced or obtained in connection with this action that are in good faith stamped by the person producing the information and documents as being "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or words of similar meaning, or otherwise designated in writing by the person producing the information and document as being confidential;

    j.    All portions of depositions, trial, or hearing transcripts and exhibits thereto which embody any Confidential Material; and

    k.    All copies, extracts, and summaries (complete or partial) prepared from such information and documents identified in (a) through (j).

4. Any party producing information and documents that are Confidential Materials shall stamp such information and documents as "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or words of similar meaning or otherwise designated in

writing by the person producing the information and document as being Confidential Materials. Information or documents produced by a non-party that fall within the provisions of this Protective Order shall be treated by the parties as confidential and shall be marked confidential by agreement of the parties or further order of this Court. Nothing in the Protective Order, however, shall restrict the right of any party or interested person to move the Court for a determination that the documents stamped or designated as Confidential Materials need not be protected against the unauthorized disclosure and shall not be treated as Confidential Materials.

5. Confidential Materials shall be used solely for the purposes of conducting this litigation and not for any business purpose or any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Materials may be disclosed to the following persons only:

    a. The parties to this cause of action;

    b. The attorneys and their respective staff members working on this litigation on behalf of any party;

    c. The parties and the officers, agents, and employees of any party, but only if such persons agree in writing in advance to be bound by the terms and conditions of the Protective Order;

    d. Experts and consultants, retained solely for the purposes of assisting in this litigation;

    e. Persons with prior knowledge of the documents or the confidential information contained therein;

    f. Court officials involved in this litigation (including court reporters and persons who may be operating audio or video recording equipment at depositions);

  g. Any other person or entity that the person making the designation of confidentiality may authorize by prior written consent; and

  h. Any person that the Court may authorize after notice to all parties and interested persons and a hearing if such is requested by a party or interested person.

6. Any person to whom delivery, exhibition, or disclosure of Confidential Materials is made shall be advised of the terms of the Protective Order and shall be subject thereto. Further, counsel for each party shall instruct their respective clients as to the confidential nature of the Confidential Materials and shall instruct the clients that the Confidential Materials shall not be discussed or disclosed to anyone other than the persons described in Paragraph 5 above.

7. The Protective Order shall not be construed to restrict the right of the party or interested person that produces their own Confidential Materials to use such Confidential Materials in any manner they deem appropriate. A party's or interested person's use of their own Confidential Materials shall not be deemed a waiver of the party's or interested person's rights to insist on compliance with this Protective Order.

8. All Confidential Materials, and any pleading or other paper disclosing Confidential Materials filed with the Court, shall be filed in a sealed envelope marked "CONFIDENTIAL" with a statement in substantially the following form:

**This envelope containing documents which were filed in this case is not to be opened or the contents displayed or revealed, except by Order of this Court.**

9. If, either during the course of this litigation or following the conclusion thereof, including the final exhaustion of all appeals, Confidential Materials are disclosed to any person other than in the manner authorized by the Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention

of counsel for all parties, interested persons, and the Court and, without prejudice to other rights and remedies of any party, make every effort to prevent further disclosure.

10. Within sixty (60) days of the final disposition of this litigation, including the final exhaustion of all appeals, and upon written request by the opposing party or interested person, each party shall destroy or return all copies of the requested Confidential Materials. If Confidential Materials are destroyed rather than returned by a party, counsel for the party shall provide the requesting party within seven (7) days of such destruction a certificate reflecting such destruction.

11. Nothing in the Protective Order shall restrict the right of any party or interested person to utilize documents or information lawfully published in public records. This shall not include, however, documents previously obtained from any person which have been designated as confidential.

12. Nothing in the Protective Order shall restrict the right or ability of any party or interested person to use documents or information in any pleading (except for as otherwise restricted herein, and specifically as restricted by Paragraph 8 above), hearing, or at trial in this litigation, subject to further Orders as the Court may impose upon such use to the extent necessary to preserve the confidentiality of any Confidential Materials of any party of any interested person.

IT IS SO ORDERED, this the 4th day of April, 2013.

_____
Kristine G. Baker
United States District Judge