IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRIS SCHAFFHAUSER                                                           PLAINTIFF

v.                            Case No: 4:12-cv-00599 KGB

UNITED PARCEL SERVICE, INC.                                                  DEFENDANT

ORDER

Before the Court are defendant United Parcel Service, Inc.'s ("UPS") motion to compel answers and for sanctions (Dkt. No. 24) and Mr. Schaffhauser's motion for fees and sanctions (Dkt. No. 49). For the reasons that follow, UPS's motion to compel answers and for sanctions is granted, and Mr. Schaffhauser's motion for fees and sanctions is denied.

I.     UPS's Motion To Compel Answers And For Sanctions

Federal Rule of Civil Procedure 30(c)(1), which addresses depositions, provides in pertinent part:

> The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615.

Fed. R. Civ. P. 30(c)(1). Neither Federal Rule of Evidence 103 nor 615 apply in this instance.

Federal Rule of Civil Procedure 30(c)(2) provides in pertinent part:

> An objection at the time of examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of the taking of the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. *An objection must be stated concisely in a nonargumentative and nonsuggestive manner*.

Fed. R. Civ. P. 30(c)(2) (emphasis added); *see Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995) ("In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. . . . Attorneys are also prohibited

from acting as an intermediary during their client's deposition—from interpreting opposing counsel's questions; having private conferences with their client during the deposition; and conferring with their client about a document presented by the deposing attorney."); *Hall v. Clifton Precision*, 150 F.R.D. 525, 528, 531 (E.D. Pa. 1993) ("A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. . . . "[L]awyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question."). Violations of Rule 30 are punishable by sanctions. Rule 30(d)(2) provides: "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

This Court is very reluctant to sanction conduct by counsel who are engaged in efforts to represent zealously their clients. However, certain standards of conduct must be adhered to by all counsel, even in such pursuits. Here, based on the record as a whole, Mr. Schaffhauser's counsel "impede[d], delaye[d], and frustrate[d] the fair examination of the deponent" by coaching Mr. Schaffhauser. *See* Fed. R. Civ. P. 30(d)(2). The Court notes in passing counsel's many uses of speaking objections. More egregious is that counsel appears on this record to have passed his client a note during questioning that read "[t]ell him about conversation with Jim Wilson after suit" (Dkt. No. 33-1, at 46) and testified for Mr. Schaffhauser by reminding Mr.

Schaffhauser to whom he talked at UPS about his demotion (Dkt. No. 33-1, at 61). Most egregious in this Court's view is that, while a question posed by opposing counsel was pending and before Mr. Schaffhauser could answer, counsel whispered to his client outside the hearing of the court reporter to remind him "of a statement [he] had already previously made" (Dkt. No. 24-1, at 6-7). In the deposition transcript, Mr. Schaffhauser's counsel does not deny or dispute that he engaged in this conduct. Mr. Schaffhauser adopted his counsel's suggested answers. An exchange on the record at the deposition follows:

> Q      Okay. Are you aware of any other manager or supervisor at UPS that engaged in the same conduct you did, made a statement about a subordinate that I'm going to knock the black off of—or I would knock the black off of that person?
>
> [Counsel for Mr. Schaffhauser]: Hold on just a second.
>
> [Counsel for UPS]: No, no, no, no, no. I just asked a question . . . . You can't talk to your witness.
>
> (WHEREUPON, the witness and counsel confer outside the hearing of the court reporter.)
>
> [Counsel for UPS]: Note for the record that while a question is pending, [counsel for Mr. Schaffhauser] tapped the witness on the leg and leaned over and whispered to his client. Please note that for the record.
>
> [Counsel for Mr. Schaffhauser]: Please note that that is accurate. I'm representing my client. Go ahead.
>
> [Counsel for UPS]: [I]t's just like on the witness stand, when a question is pending, you cannot—
>
> [Counsel for Mr. Schaffhauser]: Just ask him a question. Go ahead.
>
> [Counsel for UPS]: No, sir.
>
> [Counsel for Mr. Schaffhauser]: Go ahead. I want to make sure his testimony is correct, so go ahead. Ask him the question.
>
> [Counsel for UPS]: Is it your testimony? What—you've got to tell—
>
> [Counsel for Mr. Schaffhauser]: Ask him—ask him—

3

>[Counsel for UPS]:  Tell me what you told your client.
>
>[Counsel for Mr. Schaffhauser]:  Tell—yeah.  Go ahead and tell him what I told you.
>
>[Counsel for UPS]:  No.  You tell me.
>
>[Counsel for Mr. Schaffhauser]:  I'm not telling—hey, go question somebody else.  You're not going to question me.
>
>[Counsel for UPS]:  You can't talk to the witness when a question—
>
>[Counsel for Mr. Schaffhauser]:  Just ask him the question.
>
>[Counsel for UPS]:  —is pending and tell him what to—what was said.
>
>[Counsel for Mr. Schaffhauser]:  Go ahead and—and ask him the question.
>
>[Counsel for UPS]:  Whatever you said is inappropriate.
>
>[Counsel for Mr. Schaffhauser]:  Go ahead and tell him what I told you.  That's fine.
>
>[Counsel for UPS]:  No.  Actually, I'm not going to ask that question.
>
>[Counsel for Mr. Schaffhauser]:  Oh, okay, because you don't want to hear it.  Okay.  That's fine.  Okay.
>
>. . .
>
>Q   What did your—your attorney tell you while I was asking you a question?
>
>A   He reminded me that—of a statement I had already previously made in my statement to Stan Roux. . .

(Dkt. No. 41-1, at 73-75).

Other courts have sanctioned or ordered costs and fees to be paid by attorneys who coached witnesses in similar ways. *See, e.g.*, *Cordova v. United States*, 2006 WL 4109659, at *5-7 (D.N.M. July 30, 2006); *Frazier v. Se. Penn. Transp. Auth.*, 161 F.R.D. 309, 316-17 (E.D. Penn. 1995).  Likewise, this Court finds that sanctions are warranted under Rule 30(d)(2)

because Mr. Schaffhauser's counsel's coaching "impede[d], delaye[d], and frustrate[d] the fair examination of the deponent." *See* Fed. R. Civ. P. 30(d)(2). The Court imposes a monetary sanction of $500.00, which shall be paid by Mr. Schaffhauser's counsel to UPS to offset fees incurred by UPS in the taking of Mr. Schaffhauser's deposition and in the filing of this motion and in no way paid by Mr. Schaffhauser.

## II.     Mr. Schaffhauser's Motion For Fees And Sanctions

During October 2013, Mr. Schaffhauser and UPS, through email between the offices of their respective counsel, discussed possible dates for the deposition of Dr. Brent Sprinkle. Mr. Schaffhauser contends that, on October 22, 2013, the parties confirmed Dr. Sprinkle's deposition would take place at his office on December 2, 2013, beginning at 2:00 p.m. UPS argues, however, that after further consideration it determined not to depose Dr. Sprinkle and that it neither issued a notice of deposition nor served Dr. Sprinkle with a subpoena to appear for a deposition, either of which Mr. Schaffhauser's counsel would have received. Mr. Schaffhauser provides no evidence that UPS did issue a notice of deposition or serve with subpoena Dr. Sprinkle.

Apparently relying entirely on the parties' email exchange, Mr. Schaffhauser's counsel alleges that he spent three-to-four hours preparing for Dr. Sprinkle's deposition, which he was neither taking nor defending, and traveling to Dr. Sprinkle's office, which is located five miles from his own office. When he arrived at the office, Dr. Sprinkle's office manager informed him that UPS's counsel's office had called on November 21, 2013, to tell them that the deposition would not take place. UPS claims that it did not contact Mr. Schaffhauser's counsel because the deposition had never been formally noticed and because it did not realize that Mr. Schaffhauser's counsel believed the deposition to be scheduled despite the lack of notice or a subpoena. Mr.

Schaffhauser provides no evidence beyond conclusory allegations that UPS intended to inconvenience purposefully his counsel.

Based on the above, Mr. Schaffhauser requests that, pursuant to an unspecified provision of Federal Rule of Civil Procedure 37, the Court grant fees and sanctions against UPS, including reimbursement of three hours of preparation time for Dr. Sprinkle's deposition and for counsel's costs. The Court declines to do so. On the record before it, the Court is not in a position to determine that UPS acted in bad faith by failing to notify Mr. Schaffhauser that Dr. Sprinkle's deposition, for which there was neither a notice of deposition issued nor a subpoena served, would not take place.

* * *

In sum, UPS's motion to compel and for sanctions is granted, and Mr. Schaffhauser's motion for fees and sanctions is denied. The Court imposes a monetary sanction of $500.00, which shall be paid by Mr. Schaffhauser's counsel to UPS to offset fees incurred by UPS in the taking of Mr. Schaffhauser's deposition and in the filing of this motion and in no way paid by Mr. Schaffhauser.

SO ORDERED this the 21st day of January, 2014.

_____
Kristine G. Baker
United States District Judge